S.D.N.Y.
07-cv-3494
Cote, *J.*
09-cv-1086
Rakoff, *J.*

# United States Court of Appeals
FOR THE
SECOND CIRCUIT

---

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of December, two thousand fifteen.

Present:

Robert D. Sack,
Denny Chin,
Susan L. Carney,
*Circuit Judges*.

---

Ritchie Capital Management, L.L.C., et al.,

*Plaintiffs-Appellants*,

v. No. 15-3207

Coventry First LLC, et al.,

*Defendants-Appellees.*

---

Ritchie Risk-Linked Strategies Trading (Ireland), Limited, et al.,

*Plaintiffs-Counter-Defendants-Appellants*,

v. No. 15-3214

Coventry First LLC, et al.,

*Defendants-Counter-Claimants-Appellees.*

---

Appellants move to consolidate the above-captioned appeals. Appellees move to dismiss the appeal docketed under No. 15-3207 for lack of appellate jurisdiction.

In No. 15-3207, Appellants noticed their appeal from District Court orders in Civ. Act. No. 07-cv-3494 (S.D.N.Y.), in which the court dismissed certain of their claims with prejudice and Appellants voluntarily dismissed their sole remaining claim without prejudice pursuant to Fed. R. Civ. P. 41(a)(1). Our precedent generally "preclude[s] an appeal from a dismissal of some of a plaintiff's claims when the balance of his claims have been dismissed without prejudice pursuant to a Rule 41(a) dismissal of the action." *Chappelle v. Beacon Commc'ns Corp.*, 84 F.3d 652, 654 (2d Cir. 1996). This rule is jurisdictional. *Rabbi Jacob Joseph Sch. v. Province of Mendoza*, 425 F.3d 207, 211 (2d Cir. 2005). Defects in appellate jurisdiction deprive the Court of the power to hear an appeal, and neither an equitable exception nor a party's waiver may save such an appeal from dismissal. *See Bowles v. Russell*, 551 U.S. 205, 213–14 (2007). Because no final decision has been rendered in the first action, the Court lacks jurisdiction over the appeal from it.

Therefore, it is hereby ORDERED that the motion to consolidate is DENIED, the motion to dismiss is GRANTED, and the appeal docketed under No. 15-3207 is DISMISSED. The appeal docketed under No. 15-3214, taken from Civ. Act. No. 09-cv-1086 (S.D.N.Y.), may proceed in due course.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

UNITED STATES SECOND CIRCUIT COURT OF APPEALS

Catherine O'Hagan Wolfe